IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSE
WESTERN DIVISION

| | |
|---|---|
| **WILLIE J. WEEKS and his wife, ODESSA E. WEEKS,** | |
| **Plaintiffs,** | |
| v. | No. _____ |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

## COMPLAINT FOR MEDICAL NEGLIGENCE

The plaintiffs, Willie J. Weeks and his wife, Odessa E. Weeks (collectively referred to as the "Plaintiffs"), states as follows for her cause of action against the defendant, United States of America ("Defendant"):

PARTIES AND JURISDICTION

1. Plaintiffs are adult residents of Memphis, Shelby County, Tennessee.

2. Plaintiffs are, and have been at all times relevant hereto, legally married.

3. Defendant operated the VA Medical Center – Memphis ("VAMC"), by and through the Department of Veteran's Affairs, during all times relevant to this lawsuit.

4. Employees and agents of the Defendant provided medical services to Willie J. Weeks on and after his admission to the VAMC on or about December 7, 2011.

5. Defendant is vicariously liable for the negligent acts of its employees and agents who provided care to Willie Weeks at the VAMC on and after December 7, 2011.

6. This cause of action arises in tort and as a result of injuries and damages proximately caused by the negligence of the Defendant in Memphis, Shelby County, Tennessee.

7. An administrative claim was properly presented to the Department of Veteran's Affairs. See Standard Form 95, attached as Exhibit A.

8. The administrative claim was denied on April 17, 2014. See Letter from Sonya Cromwell, attached as Exhibit B.

9. This cause of action is properly commenced within the time required by law.

10. This Court has jurisdiction over this subject matter and parties to this litigation, as it involves damages in excess of Seventy-Five Thousand Dollars ($75,000.00), and a federal question under the Federal Tort Claims Act, 28 U.S.C. 1346(b), 2401, and 2671 – 2680.

11. The Plaintiffs fully complied with the provisions of Tenn. Code Ann. § 29-26-121(a) by properly serving the Defendant with written notice of this claim at least sixty (60) days before filing this complaint.

12. Copies of the affidavit of service and written notices are attached as Exhibit C.

13. The Plaintiffs fully complied with the provisions of Tenn. Code Ann. § 29-26-122 by filing a Certificate of Good Faith ("Certificate") with this complaint.

14. A copy of the Plaintiff's Certificate is attached as Exhibit D.

15. This is a proper venue for litigation of all issues in controversy.

## FACTS

16. Willie J. Weeks was seen in the ER at the Memphis VA Medical Center on or about December 7, 2011, for "stomach pain, [and] headaches."

17. Dr. Drew Dill evaluated Willie J. Weeks and ordered a surgery consultation.

18. At approximately 8:00 p.m., Resident Mahim Malik evaluated Willie J. Weeks.

19. Resident Mahim Malik reviewed the CT scan, which showed "[a]cute diverticulitis in sigmoid colon with confined perforation."

20. Resident Mahim Malik admitted Willie J. Weeks to the Surgery Service for exploratory laparotomy, resection and possible Harmann's procedure.

21. Upon information and belief, Resident Mahim Malik's note was reviewed and signed by Dr. Santiago R. Vera the next day, December 8, 2011.

22. Willie J. Weeks was admitted to the hospital under the care of the attending surgeon, Dr. Vera.

23. Late on the evening of December 7, 2011, into the early morning hours of December 8, 2011, the VAMC staff performed a "routine" Hartmann procedure with end-descending colostomy on Willie J. Weeks.

24. The Operation Report indicates that the procedure was performed by Resident Nathan Compton with the assistance of Resident Asa Reynolds.

25. Dr. Vera is listed as the attending surgeon.

26. Willie J. Weeks was admitted to the Intensive Care Unit after the surgery.

27. The medical records indicate that Dr. Vera examined Willie J. Weeks "and reviewed the patient's initial presentation and laboratory and test results," around 10:37 on December 8, 2011, after the initial surgery.

28. Willie J. Weeks was later transferred the regular floor on December 10, 2011, and later discharged on December 17, 2011.

29. Willie J. Weeks was readmitted to the Memphis VA Medical Center on April 13, 2013, for a colostomy reversal.

30. A stapling device used by the VAMC staff during the April 13, 2013, colostomy reversal caused an anastomic leak necessitating the immediate performance of a diverting ileostomy.

31. This complication necessitated a third surgery to take down the ileostomy.

### COUNT I – NEGLIGENCE

32. At all times relevant hereto, the VAMC staff owed a duty to Willie J. Weeks to provide professional services in accordance with the recognized standard of acceptable professional practice in the Memphis, Shelby County, Tennessee, and similar communities.

33. The VAMC staff acted with less than and/or failed to act with ordinary and reasonable care in accordance with the recognized standard of acceptable professional practice in the care and treatment provided to Willie J. Weeks.

34. Specifically, the VAMC staff failed to act with ordinary and reasonable care in accordance with the recognized standard of acceptable professional practice as follows:

   i. Failing to properly treat Willie J. Weeks' "[a]cute diverticulitis in sigmoid colon with confined perforation;"

   ii. Failing to properly supervise, manage and/or guide the resident physicians in their treatment of Willie J. Weeks at the VAMC;

   iii. Failing to recommend and pursue non-surgical management of Willie J. Weeks' condition;

   iv. Failing to obtain informed consent from Willie J. Weeks before performing the exploratory laparotomy on or about December 7, 2011; and

   v. Otherwise deviating from the recognized standard of acceptable professional practice for physicians and surgeons in Memphis, Shelby County, Tennessee, and similar communities.

35. Willie J. Weeks suffered injuries which would not have otherwise occurred as a proximate result of the negligent acts and omissions of the VAMC staff.

36. As a direct and proximate cause of the VAMC staff's negligence, Willie J. Weeks is entitled to recover damages including, but not limited to, the following:

    i. Loss of earning capacity;

    ii. Physical pain and mental suffering;

    iii. Permanent injury;

    iv. Disfigurement;

    v. Loss of enjoyment of life; and

    vi. Other damages allowed by law.

37. Defendant is vicariously liable for the acts and/or omissions of its employees, servants and agents (actual and/or apparent) including, but not limited to, Dr. Vera, the resident physicians and every other member of its staff who provided care and treatment to Willie J. Weeks.

## COUNT II – LOSS OF CONSORTIUM

38. At all times pertinent hereto, the Plaintiffs Willie J. Weeks and Odessa E. Weeks were married and continue to be married.

39. Odessa E. Weeks is entitled to recover damages for harms and losses suffered as a direct and proximate cause of the Defendants' negligence including, without limitation, the loss of love, affection, companionship, care, and attention of her husband, Willie J. Weeks.

## AD DAMNUM

WHEREFORE, premises considered, Plaintiffs sue Defendant for compensatory damages in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) on behalf of Willie J. Weeks, Two Hundred Fifty Thousand Dollars ($250,000) on behalf of Odessa E. Weeks, for costs herein, and for all such other and further relief, general and specific, legal and equitable, to which Plaintiff is entitled by law.

Respectfully submitted,

**MORGAN & MORGAN – MEMPHIS, LLC**

  s/ W. Bryan Smith
W. Bryan Smith (#018230)
One Commerce Square, 26th Floor
Memphis, Tennessee  38103
901-217-7000 – Telephone
901-333-1897 – Facsimile